IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                Criminal No. 3:05cr138

ROBERT STOKES

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 61) seeking a reduction of his term of imprisonment from 294 months to time served and reducing his term of supervised release from five years to four years. Having considered the motion, the UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER THE FIRST STEP ACT OF 2018 (ECF No. 62), and the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 67), and for the reasons set forth below, the motion will be denied.

**BACKGROUND**

Robert Stokes pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846. The amount of cocaine base attributable to the defendant was 12.247 kilograms and the amount of cocaine hydrochloride attributable to Stokes was

12.247 kilograms. Stokes' criminal history category was VI because he was a career offender. However, the drug guidelines were greater than the career offender guidelines so they governed his original sentencing. Stokes was sentenced in August 2005 to incarceration for a period of 365 months.

As demonstrated in DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 61), page 9, application of the Fair Sentencing Act reductions would reduce the offense level by one and all other factors would remain the same as before the Fair Sentencing Act. The guideline range before the Fair Sentencing Act was 292 to 365 months and the guideline range after the Fair Sentencing Act is 262 to 327 months.

While in prison Stokes earned his GED and completed numerous educational and vocational classes, including a CDL certification, a restaurant management class, towing training, business classes, general job search, and training courses as well as drug education training, health courses, and art classes. And, Stokes worked with the recreation department where he received several favorable work reports from his supervisor. Stokes has written the Court expressing remorse for his actions. He has committed two relatively minor infractions of prison rules.

## DISCUSSION

The threshold issue in this case is whether Stokes is eligible for relief under Section 404(b) of the First Step Act. The United States takes the view that, because of the amount of controlled substances at issue (as determined in the Statement of Facts and the Presentence Report), the defendant is not eligible for relief under the First Step Act. Stokes takes the view that the eligibility under the First Step Act depends upon the quantity of controlled substance alleged in the complaint. Neither position is correct. The amount of controlled substances involved in the offense of conviction, whether alleged or determined by the Presentence Report or the Statement of Facts, plays no role in the issue of eligibility. That is made clear by the decisions in United States v. Wirsing, ___ F.3d ___, No. 19-6381, 2019 WL 6139017 (4th Cir. 2019), United States v. Mabry, 2019 U.S. Dist. LEXIS 192435 (E.D. Va. Oct. 31, 2019), and United States v. Hardnett, ___ F. Supp.3d ___, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019). Stokes is eligible for modification of sentence under the First Step Act because, before August 3, 2010, he violated a federal statute, the penalties for which were altered by Sections 2 and 3 of the Fair Sentencing Act of 2010.

However, whether to grant a modification of sentence is a different question. And in make that determination, the Court

3

must exercise discretion, informed by all of the record in the case, including that in the Presentence Report and the Statement of Facts as well as Stokes' performance while in prison, taking into account all mitigating information. Of course, that permits the Court to consider, in determining whether to grant a modification, the amount of controlled substance which is the subject of the offense of conviction.

The offense conduct in this case occurred during the period June 2003 to November 2004 and Stokes was actively involved in the conspiracy, even though he was not a leader nor an organizer in it. The quantity of cocaine at issue was the subject of the Statement of Facts in the plea process and as admitted to in an admission to law enforcement officers after he was arrested and before his plea. And, the record shows that the quantity of controlled substance is indeed extensive (12.247 kilograms of cocaine base and 12.247 kilograms of cocaine hydrochloride).

Having considered Stokes' criminal history and his involvement in the drug trade since the age of 18 and the fact that he received relatively lenient sentences for the convictions in state court (see Presentence Report, ¶¶ 18, 19 and 20) and taking into account Stokes' efforts at rehabilitation and considering the need to protect the public, promote respect for the law, and to deter Stokes, the Court is of the opinion that a

modification of sentence is not appropriate and that the term of 294 months sentence currently in effect as a result of the previous reduction of sentence on March 2, 2017 is an appropriate sentence.

## CONCLUSION

Accordingly, for the reasons stated above, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 61) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 10, 2019